UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SANDRA MCDOWELL,<br>109 Quay Street<br>Alexandria, VA 22314,<br><br>       *Plaintiff*,<br><br>v.<br><br>COSMOS CLUB,<br>2121 Massachusetts Ave.<br>Washington, D.C. 20008,<br><br>       *Serve Registered Agent*:<br><br>       Mitchell Platt,<br>       2121 Massachusetts Ave.<br>       Washington, D.C. 20008,<br><br>       *Defendant*. | Civil Action No.: _____ |

**CIVIL COMPLAINT FOR EQUITABLE AND**
**MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Sandra McDowell brings this complaint and jury demand against Defendant Cosmos Club for violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Equal Pay Act") and the District of Columbia Human Rights Act, D.C. Code §§ 2.1401.01 *et seq*. ("DCHRA").

**PARTIES**

1.  Plaintiff Sandra McDowell is a female and a resident of the Commonwealth of Virginia.

2.  Defendant Cosmos Club is a Washington, D.C. non-profit corporation with its headquarters located at 2121 Massachusetts Avenue, Washington, DC 20008.

3.

1

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it asserts claims that arise under the laws of the United States, specifically the Equal Pay Act.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because McDowell's claims under the DCHRA are sufficiently related to her claims under the Equal Pay Act.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the Defendant Cosmos Club's headquarters is in this judicial district and the alleged violations took place in this judicial district.

**FACTUAL ALLEGATIONS**

7.      Cosmos Club, a domestic Washington, D.C. not for profit corporation, hired McDowell as a part-time catering assistant on or around March 29, 1997. Cosmos Club promoted McDowell to a full-time catering coordinator position shortly thereafter.

8.      Cosmos Club promoted McDowell again in or around 2006.

9.      Mitchell Platt joined Cosmos Club as general manager in or around October of 2013, and Platt promoted McDowell to assistant general manager in or around 2016.

10.     McDowell oversaw, *inter alia*, engineering, housekeeping, valet, the front desk, membership, and member services as assistant general manager.

11.     Beginning in or around 2020 and continuing until 2024, Platt used offensive language around Cosmos Club managers and staff, often using iterations of the word "f*ck," speaking explicitly about genitalia, and using offensive terms to describe female club members.

12. For example, Platt made inappropriate comments in front of McDowell and other club employees at a New Years Eve party, such as "don't waste a hard d*ck" and "don't let a hard d*ck go to waste." Moreover, Platt would referred to female Cosmos Club members as "b*tch" and "c*nt."

13. McDowell approached Platt about his profane language, explicit comments about genitalia, and offensive comments about women in or around 2020, hoping to stop his behavior. McDowell told Platt that he could not use profanity, especially in front of impressionable young managers. A Cosmos Club human resources employee and other colleagues witnessed McDowell raise these concerns to Platt.

14. However, Platt continued using profane language, explicit language about genitalia, and offensive terms to describe women.

15. McDowell reported her concerns about Mr. Platt's language and inappropriate comments about genitalia to Cosmos Club house chair Janice Koch. Koch was part of Platt's general manager evaluation committee.

16. McDowell met with Cosmos Club human resources director Carolyn Ruffner and Platt on or around May 1, 2024, and reported that Platt habitually talked in front of McDowell and other managers about genitalia and habitually called female club members "b*tch" and "c*nt," and Platt apologized for his behavior.

17. McDowell also reported to Ruffner and Platt that her salary was far lower than the executive chef's and controller's salaries, similarly situated male employees, during the meeting that occurred on or around May 1, 2024. In response Platt said he had already planned to give McDowell a $10,000 raise.

18. Cosmos Club's legal counsel, Zoe Sharp, called McDowell in or around June or July of 2024 and told her that management heard she was talking to members about grievances. Sharp then asked McDowell to sign a document in which she agreed not to discuss her grievances with members.

19. In or about April of 2025, Sharp called McDowell into another meeting as a "follow up" to the summer of 2024 meeting, and McDowell acknowledged that she had spoken with Barbara Culliton, a club member, about Platt's sexually-explicit and profane language sometime in 2024.

20. Cosmos Club human resources called McDowell into a meeting with Sharp and vice president Peter Winik on or around April 22, 2025. Sharp told McDowell that the Cosmos Club was terminating McDowell's employment for telling a club member about Platt's sexually-explicit and profane language sometime in 2024. McDowell responded that it was unclear with whom she was permitted to report concerns because the only individuals senior to Platt were the executive board, which is made up of members.

21. Sharp and Winik placed McDowell on paid administrative leave while they discussed with the executive committee the possibility of keeping her employed with the club until her 30th work anniversary.

22. After the meeting that occurred on or around April 22, 2025, McDowell was locked out of her emails. Sharp and Winik directed McDowell not to talk to any members or employees of the club about her absence.

23. Sharp notified McDowell through email on or around May 1, 2025, that the executive committee agreed to keep her employed until her 30th work anniversary if she signed a retention agreement and a new employment agreement. Sharp gave McDowell 21 days to accept

4

the agreements. McDowell reviewed the proposed agreements but was concerned that the agreement allowed Cosmos Club to terminate her employment at any time without cause.

24. McDowell called Sharp on or around May 19, 2025, to discuss the termination provision, and McDowell told Sharp that she could not return to work under such an agreement. In response Sharp emailed McDowell on or around May 19, 2025, revoking the previous proposal that McDowell stay at the club and terminating her employment.

25. As the result of Cosmos Club's illegal actions, McDowell has sustained economic damages and mental anguish, and she will continue to sustained damages into the future.

## COUNT I
## Retaliation
## Equal Pay Act of 1963
## 29 U.S.C. § 215(a)(3)

26. McDowell hereby incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

27. McDowell was an "employee" as defined by 29 U.S.C. § 203(e).

28. Cosmos Club is an "employer" as defined by 29 U.S.C. § 203(e).

29. McDowell is female and is a member of the class protected under 29 U.S.C. § 206(d).

30. The Equal Pay Act makes it unlawful for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]" 29 U.S.C. § 215(a)(3).

31. McDowell engaged in protected activity under the Equal Pay Act when she reported to Cosmos Club human resources and Cosmos Club's general manager that she was

paid significantly less than the club's executive chef and controller during a meeting on or around May 1, 2024.

32. Cosmos Club violated the Equal Pay Act when less than two months after McDowell's protected disclosure, Cosmos Club reprimanded her for speaking to club members about her grievances. Approximately ten months after her first reprimand, Cosmos Club reprimanded McDowell again for speaking with club members about her grievances. Approximately one month later, Cosmos Club terminated McDowell's employment.

33. There is a causal connection between McDowell's protected activity and Cosmos Club's adverse employment action.

34. McDowell has sustained damages as the result of Cosmos Club's illegal retaliation in violation of the Equal Pay Act and is entitled to such legal or equitable relief as will effectuate the purpose of the Equal Pay Act, including but not limited to economic and compensatory damages and reasonable costs and attorneys' fees.

## COUNT III
### Retaliation
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*

35. McDowell hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

36. McDowell is an employee as defined in D.C. Code § 2-1401.02(9).

37. Cosmos Club is an employer as defined in D.C. Code § 2-1401.02(10).

38. McDowell engaged in protected activity under the DCHRA when she informed Cosmos Club human resources and her manager that her manager was subjecting her to sexually explicit comments, comments about genitalia, and demeaning comments about women.

6

39. Cosmos Club subsequently accused McDowell of misconduct and eventually terminated her employment.

40. But for McDowell's protected activity, Cosmos Club would not have terminated McDowell's employment.

41. McDowell has sustained damages as the result of Cosmos Club's illegal retaliation in violation of the DCHRA, including, but not limited to, damage to his career, and emotional, mental, and physical distress.

42. McDowell is entitled to such legal or equitable relief as will effectuate the purposes of the statute, including but not limited to economic and compensatory damages, and reasonable costs and attorneys' fees.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court award her the following relief against Defendant:

A. Judgment against the Defendants in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

B. Pre-judgment interest;

C. Employment, reinstatement, promotion, or other equitable relief;

D. Reasonable attorneys' fee and the costs of this action, and;

E. Any other relief this Honorable Court deems just and proper to award.

Respectfully submitted,

*/s/ Kellee Boulais Kruse*
R. Scott Oswald, DC Bar No. 458859
Kellee Boulais Kruse, DC Bar No. 994450
The Employment Law Group, P.C.
1717 K St NW, Ste. 1110
Washington, D.C. 20006
(202) 261-2838
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
kkruse@employmentlawgroup.com
*Counsel for Plaintiff*